UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| TCYK, LLC, )<br>    Plaintiff, )<br>)<br>v. )<br>)<br>DOES 1-19, )<br>    Defendants. ) | CAUSE NO. 2:13-CV-320-RLM-JEM |

**OPINION AND ORDER**

This matter is before the Court to determine whether the claims against the multiple Doe Defendants should be severed.

**BACKGROUND**

On September 11, 2013, Plaintiff filed a Complaint alleging that the nineteen Doe Defendants committed copyright infringement by distributing a copy or portion of a copy of the Work, a move entitled "The Company You Keep." Plaintiff alleges that it is the exclusive copyright holder of the Work, and that Defendants used BitTorrent software to share an identical copy of the Work, as identified by its hash value, through participation in a single torrent swarm.

On October 4, 2013, the Court *sua sponte* ordered Plaintiff to file a memorandum addressing the joinder of the defendants in this case. On October 28, 2013, Plaintiff filed the requested memorandum.

**ANALYSIS**

Federal Rule of Civil Procedure 20 provides that multiple defendants may be joined in one action if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences" and if "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ.

P. 20(a)(2). The purpose of Rule 20 "is to promote trial convenience and expedite the final determination of disputes, thereby preventing unnecessary multiple lawsuits." *Bailey v. N. Trust Co.*, 196 F.R.D. 513, 515 (N.D. Ill. 2000) (quoting *Gorence v. Eagle Food Centers, Inc.*, 93 C 4862, 1996 WL 734955, at *3 (N.D. Ill. Dec. 19, 1996)). "Under the Rules, the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724 (1966).

Federal Rule of Civil Procedure 21 provides that "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party." Fed. R. Civ. P. 21. The court has "broad discretion whether to sever a claim under Rule 21." *Rice v. Sunrise Express, Inc.*, 209 F.3d 1008, 1016 (7th Cir. 2000). The Seventh Circuit has held that "a district court may sever claims under Rule 21, creating [] separate proceedings, so long as the [severed] claims are 'discrete and separate.'" *Gaffney v. Riverboat Servs. of Ind., Inc.*, 451 F.3d 424, 442 (7th Cir. 2006) (quoting *Rice*, 209 F.3d at 1016).

Plaintiff argues that the claims against Defendants arise out of the same series of transactions because all the defendants are alleged to have uploaded and downloaded the same file and because there are common issues of law and fact. It also emphasizes that a number of courts have allowed plaintiffs to proceed against multiple defendants alleged to have participated in a single BitTorrent "swarm" in a single suit. *See, e.g., Sunlust Pictures, LLC v. Does 1-75*, 12 C 1546, 2012 WL 3717768, at *3-4 (N.D. Ill. Aug. 27, 2012) (listing cases; concluding that the plaintiff's allegations "that the defendants participated in the swarm simultaneously and that it observed the defendants transferring data from the Video between themselves" were sufficient to support joinder). Plaintiff

2

also argues that principles of fairness favor Plaintiff and that judicial economy would be served by proceeding in a single action against multiple defendants.

Although a number of courts have permitted joinder in similar cases, as another court in the Seventh Circuit explained:

> the BitTorrent protocol's architecture alone does not compel the conclusion that anonymous defendants who download copies of the same file from the same swarm are engaged in a common transaction or series of transactions for the purposes of Rule 20(a)(2). Where a swarm continues to exist for an extended period of time, it is improbable that defendants entering a swarm weeks or months apart will actually exchange pieces of data. Furthermore, it is impossible for defendants who are not in a swarm coextensively to exchange any pieces of a file.

*Malibu Media, LLC v. Reynolds*, 12 C 6672, 2013 WL 870618, at *11 (N.D. Ill. Mar. 7, 2013) (summarizing cases); *see also, e.g., SBO Pictures, Inc. v. Does 1-57*, No. RWT 12cv22, 2012 WL 1415523, at *2 (D. Md. Apr. 20, 2012) (severing defendants and noting that "the better-reasoned decisions have held that where a plaintiff has not plead that any defendant shared file pieces directly with one another, the first prong of the permissive joinder is not satisfied"); *CineTel Films, Inc. v. Does 1-1052*, 853 F. Supp. 2d 545, 552-53 (D. Md. 2012) (agreeing with the "significant number of courts . . . [that] have specifically held that the properties of BitTorrent are insufficient to support joinder" to conclude that "the requirements of Rule 20(a) are not met" where "the alleged infringement was committed by unrelated defendants, through independent actions, at different times and locations"); *Hard Drive Prods., Inc. v. Does 1-188*, 809 F. Supp. 2d 1150, 1164 (N.D. Cal. 2011) (severing defendants where "Plaintiff concedes that while the Doe Defendants may have participated in the same swarm, they may not have been physically present in the swarm on the exact same day and time"); *Boy Racer, Inc. v. Does 1-60*, C 11-01738 SI, 2011 WL 3652521, at *4 (N.D.

Cal. Aug. 19, 2011) ("Allegations that defendants used a single peer-to-peer network to download plaintiff's works – on different days, at different times, and through different ISPs – is insufficient to allow plaintiff to litigate against sixty different defendants in one action."); *Millenium TGA Inc. v. Does 1-800*, 10 C 5603, 2011 WL 10468128, at *1 (N.D. Ill. Mar. 31, 2011) ("find[ing] that defendants' use of the same ISP and P2P networks to allegedly commit copyright infringement is, without more, insufficient for permissive joinder under Rule 20") (quoting *LaFace Records, LLC v. Does 1–38*, No. 5:07–CV–298–BR, 2008 WL 544992 at *2 (E.D.N.C. Feb.27, 2008)).

In this case, Plaintiff alleges that the nineteen Doe Defendants all transmitted at least part of the same digital copy of the Work at some point during the period of time from July 1 through September 1, 2013. Plaintiff has not alleged or argued that the parties were online and part of the swarm at the same time, that they were operating from the same IP address, or that they directly shared the Work with each other. *Cf. Sunlust Pictures*, 2012 WL 3717768 at *4 (finding joinder proper where "Sunlust alleges in its complaint that the defendants participated in the swarm simultaneously and that it observed the defendants transferring data from the Video between themselves"). Plaintiff also does not argue that the defendants are jointly and severally liable for copyright infringement.

Plaintiff relies heavily on the opinion of another judge in this district concluding that joinder was proper in a similar BitTorrent action. *See Malibu Media, LLC v. John Does 1-14*, 287 F.R.D. 513, 516 (N.D. Ind. 2012). However, after the defendants in that case were identified, Judge Cosbey concluded that "the different factual issues and legal defenses in each Defendant's case actually create judicial inefficiency rather than promoting efficiency" and "permitting joinder of the Defendants 'would force the Court to address the unique defenses that are likely to be advanced by

each individual Defendant, creating . . . mini-trials involving different evidence and testimony.'" *Malibu Media, LLC v. Doe*, No. 1-12CV-263, 2013 WL 2250236 at *1-2, 2013 U.S. Dist. LEXIS 72198, at *4 (N.D. Ind. May 21, 2013) (quoting *Hard Drive Prods.*, 809 F. Supp. 2d at 1164); *see also Reynolds*, 2013 WL 870618, at *14 ("[I]t is unlikely that judicial economy will be achieved by trying what are, in essence, fourteen separate cases simultaneously. Each defendant is likely to assert a unique defense based on his or her situation, and will likely have to present evidence of that defense separately and independently.")

Plaintiff also argues that joinder leads to judicial efficiency because it reduces the Court's need to deal with each suit separately, including sending individual notices to the Copyright Office and ruling on discovery motions in each case. Plaintiff asserts that joinder eliminates suits against Does who cannot be identified and allows Plaintiff to settle with other Doe Defendants early in the case. The Court agrees that there may be some judicial efficiency to be gained by handling similar cases together during the discovery stage of litigation, but notes that the same efficiency can be obtained by consolidating separate cases for discovery.

The defendants in this case are alleged to have used the same peer-to-peer protocol to download portions of the same file from different ISPs on different days at different times. There are likely to be as many differences in facts and legal defenses as there are defendants. Accordingly, the Court concludes that joinder is improper in this case and severs the defendants.

**CONCLUSION**

For the foregoing reasons, the Court hereby **ORDERS** that Defendants Does 2-19 are hereby **SEVERED** from this case. Plaintiff may continue in the instant action, cause number 2:13cv320-RLM-JEM, against Doe 1, identified by the IP address of 50.158.170.39, only. The Court

5

**DIRECTS** the Clerk of Court to sever the claims against Does 2-19, to treat the claims against those defendants as separate actions, and to assign a separate docket number to each action. The Court **ORDERS** Plaintiff to file separate amended complaints containing only its claims against each individual defendant and pay the filing fee for each case.

So ORDERED this 13th day of December, 2013.

s/ John E. Martin  
MAGISTRATE JUDGE JOHN E. MARTIN  
UNITED STATES DISTRICT COURT

cc:   All counsel of record